# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 07-0527

NAOMI GRANT, PETITIONER,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before KASOLD, HAGEL, and DAVIS, *Judges*.

**O R D E R**

On March 5, 2007, Naomi Grant filed through counsel a petition for extraordinary relief in the nature of a writ of mandamus in which she asks the Court to direct the Secretary to issue a Statement of the Case (SOC) in her 2001 dependency and indemnity compensation (DIC) claim and to direct the Board of Veterans' Appeals (Board) to expedite any appeal of her claim. She also asks the Court to retain jurisdiction over the matter and to require the Secretary to make periodic reports on the status of her claim until any appeal to the Board is decided. The Court heard oral argument in this matter on August 8, 2007.

Mrs. Grant asserts that the Secretary had not complied with a June 2004 Court order dismissing an earlier petition for extraordinary relief based on the Secretary's assurances that development of her 2001 claim would "begin forthwith" because he had not issued an SOC in her DIC claim. *Grant v. Principi*, No. 04-361, 2004 WL 1575578, at *1 (Vet. App. June 25, 2004). Mrs. Grant submitted copies of correspondence consisting of numerous letters and documents exchanged between her and the Secretary that reflect the need for the Secretary to issue an SOC, although it is not clear when the underlying claim was actually submitted.

Two days prior to oral argument the Secretary issued the required SOC. The Secretary argues that the delay in issuing the SOC was due to confusion over the nature of Mrs. Grant's claim. Specifically, since the Court's 2004 order, the Secretary rendered repeated decisions on a pension claim and a DIC claim based on a service-connected death, but failed to recognize that Mrs. Grant was seeking a decision on her DIC claim based on her assertion of clear and unmistakable error (CUE) in a 1957 rating decision that denied her husband service connection for psychosis that, if granted, would have entitled her to DIC benefits pursuant to 38 U.S.C. § 1318(b)(1). The Secretary's assertion at oral argument of confusion over the nature of Mrs. Grant's claim is corroborated by the correspondence submitted by both parties.

Additionally, the Secretary asserted at oral argument that the matter would be considered by the Board if Mrs. Grant submits a Substantive Appeal. Both parties acknowledged that all issues raised by Mrs. Grant could be addressed at the Board. Both parties also agreed that Mrs. Grant

could seek to have her claim moved ahead on the Board's docket, and counsel for the Secretary stated that she would ensure that the Board was aware of the extensive time delays in this matter to date and the Secretary has submitted an additional filing to this effect.

Accordingly, the Court will deny Mrs. Grant's petition for a writ and otherwise not retain jurisdiction over this matter.  *See Erspamer v. Derwinski*, 1 Vet.App. 3, 9-10 (1990) (noting that a requirement for a writ to issue is that the petitioner must lack adequate alternative means to obtain the relief sought); *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976).

Upon consideration of the foregoing, it is

ORDERED that the petition for extraordinary relief in the nature of a writ of mandamus is DENIED.

DATED:     August 24, 2007          PER CURIAM.